## GAILLARD vs. HUDSON.

The proviso in section 4038 of the code, to the effect that a defendant
in a possessory warrant case, who can satisfactorily show quiet and
peaceable possession of the property for four years next immedi-
ately preceding the issuance of the warrant, shall be entitled to
have the warrant dismissed, extends to the preceding section, 4035,
and the two should be construed together. The defendant in
this case did show that he and those under whom he claimed had
been in such possession, and that they had bought the property
and paid a fair price for it; and their possession could be tacked
together so as to show possession adverse to plaintiff for four years.

January 16, 1889.

Possessory warrant. Statute of limitations. Adverse
possession. Before Judge BOYNTON. Spalding superior
court. February adjourned term, 1888.

Reported in the decision.

STEWART & DANIEL, for plaintiff in error.

E. W. HAMMOND and JOHN I. HALL, contra.

BLANDFORD, Justice.

A possessory warrant was sued out by Hudson, to
obtain possession of a certain horse found in the pos-
session of Gaillard. The evidence on the trial before
the justice of the peace showed that, some ten years
preceding the suing out of the possessory warrant,
Hudson, who was engaged in the livery-stable business
in Spalding county, hired the horse to one Porter, to
go to Monticello, in Jasper county, and that the horse
had never been returned to him. For the defendant it
was shown that Collier, at the time of the suing out of
the possessory warrant, was the owner of the horse,
that Collier had bought it from one Stockdell, that
Stockdell had bought it from Taylor, who kept a livery-

stable in the city of Atlanta, and that Taylor had bought it from a firm of stock dealers in St. Louis, Missouri. It was further shown that the horse had been in the possession of Collier, and those under whom he claimed, for more than five years prior to the suing out of this warrant.

The code ( §4035) prescribes that, on the trial of the possessory warrant, the justice shall not investigate the title to the property, but that he shall hear evidence as to the question of possession, and shall cause the property to be delivered to the party from whose possession the same was violently or fraudulently taken or enticed away, or from whom the same absconded, or in whose peaceable and lawful possession it last was. Another section of the code (§4038) provides that where the property is not forthcoming, and the defendant can satisfactorily prove to the justice trying the case that such property has been in his quiet and peaceable possession for four years next immediately preceding the issuing of said warrant, the warrant shall be dismissed. We think that this proviso in the section last cited, as to four years' possession, extends to the preceding section (§4035). It is manifest from the record in this case that the defendant to the possessory warrant, and those under whom he claimed, had been in the peaceable, quiet and honest possession of this property for more than four years next immediately preceding the issuing of the warrant. They had bought the property and paid a fair price for it; and their possession could be tacked together so as to show an adverse possession to the plaintiff for four years. We think, therefore, that the justice of the peace erred in awarding possession of the property to the party suing out the warrant, and that the judge of the superior court erred in sustaining the judgment of the magistrate.

Judgment reversed.